#24974-rev & rem-PER CURIAM

**2009 SD 72**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

JEFFREY M. BAKER,                                    Plaintiff and Appellant,

    v.

AMANDA HOLLAND,                                    Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
LINCOLN COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE DOUGLAS E. HOFFMAN
Judge

\* \* \* \*

TIMOTHY J. KRAMER of
Kramer Law Office PLC
Sioux Center, Iowa                                    Attorneys for plaintiff
                        and appellant.


STEPHANIE R. AMIOTTE of
Moore, Rasmussen, Kading
 & Kunstle, LLP
Sioux Falls, South Dakota                            Attorneys for defendant
                        and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 27, 2009

OPINION FILED 8/12/09

#24974
PER CURIAM

[¶1.] Jeffrey Baker appeals the circuit court's order in this child custody proceeding. A provision in the circuit court's order substantially and automatically reduced Jeffrey's noncustodial parenting time[1] based solely on whether Amanda Holland, the mother, worked weekends. Because that reduction in noncustodial parenting time is not supported by findings based on the record, it constitutes an abuse of discretion, we reverse and remand.

FACTS

[¶2.] Jeffrey and Amanda are the parents of Brady Baker. Brady was born November 27, 2006. Jeffrey and Amanda were not married but resided together until December 2007. The court found that while they lived together both parents were significantly involved in the care of Brady. Both parents also have an additional child. Amanda's son has shared a home with Brady since his birth. The court found that both parents were fit and stable individuals, had been significant caretakers and had not demonstrated any harmful parental misconduct. The court awarded joint legal custody with primary physical custody to Amanda.

[¶3.] The parents' work schedule, and the resulting impact on noncustodial parenting time, is the primary issue involved in this appeal. Jeffrey worked weekdays from 8 a.m. to 5 p.m. Amanda worked two days a week from 9 a.m. to 8 p.m.; three days a week from 9 a.m. to 5 p.m. and every Saturday. Jeffrey was

---

1. As the result of a recent legislative enactment, the use of the term "visitation" has been revised to "noncustodial parenting time." *See* SDCL 25-4A-10; 2008 SD Sess Laws ch 126, § 2.

granted noncustodial parenting time on an alternating basis: one week he would have Brady on Tuesday evening from 5 p.m. to 8 p.m. (three hours) and Friday from 5 p.m. to Sunday at 9 a.m. (two overnights). The next week he would have Brady on Tuesday from 5 p.m. to 8 a.m. (overnight) and Friday from 5 p.m. to Saturday at 5 p.m. (overnight). The order also provided for an alternative noncustodial parenting time schedule in the event Amanda no longer worked weekends:

> ORDERED that when [Amanda] is no longer working on Saturdays or the weekends, she shall be entitled to every other weekend with the minor child and [Jeffrey] shall be entitled to visitation on alternating weekends as set forth in paragraphs A and D.
>
> * * *
>
> A.      Week One- [Jeffrey] shall exercise visitation with the parties' minor child on alternating Fridays beginning at 5:00 p.m. overnight until Saturday at 5:00 p.m.
>
> * * *
>
> D.      During the week Jeffrey exercises *Friday through Sunday visitation* (Week Two) he shall be entitled to one mid-week visit beginning at 5:00 p.m. and ending at 8:00 p.m. on Tuesdays.

Since the record indicated that Amanda no longer worked weekends, the alternative noncustodial parenting time schedule was implemented. However, the terms of the alternative schedule contained inconsistencies and led to confusion for the parties. The order gave Jeffrey parenting time every other weekend from Friday at 5:00 p.m. until Saturday at 5:00 p.m. and then under provision D. there was presumably a three-hour noncustodial parenting time Tuesday from 5 p.m. to 8 p.m. The terms of the order appear inconsistent in that there was no specific award of noncustodial parenting time from Friday through Sunday for Jeffrey as prefaced in clause D. to

trigger the three-hour period. Amanda interpreted the provision to mean: "once Mother is no longer working on Saturdays or weekends, Father's visitation will essentially revert to alternating Fridays at 5:00 p.m. until Saturday at 5:00 p.m." Brief for Appellee at 3 (Appeal No. 24974). Jeffrey filed a motion to reconsider the noncustodial parenting time order and the record demonstrates that the varying interpretations of the order were brought to the court's attention.[2] The court denied the motion to reconsider but e-mailed the parties that Amanda's attorney was correct in interpreting this provision as allowing Jeffrey parenting time on alternating Fridays to Saturday overnight and Tuesday for three hours; now that Amanda was not working every Saturday. As a result, the previous schedule giving Jeffrey a full weekend of parenting time and the weekday overnight has been eliminated.

[¶4.]     Jeffrey appeals contending the circuit court abused its discretion in ordering the weekend work clause and the corresponding reduction in his parenting time.

## DISCUSSION

[¶5.]     A circuit court's order for noncustodial parenting time is reviewed under the abuse of discretion standard. L.S. v. C.T., 2009 SD 2, ¶ 28, 760 NW2d 145, 153. "The term 'abuse of discretion' refers to 'a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.'" *Id.* (citations

---

2.     This arrangement lasted only a matter of weeks before the parties disputed the application of the weekend work provision when Amanda had her work schedule changed.

omitted). "However, the trial court's exercise of discretion is not uncontrolled and must have a sound and substantial basis in the testimony." Weber v. Weber, 529 NW2d 190, 191 (SD 1995).

[¶6.] The primary focus always remains on the best interests of the child. *Id.* In determining the best interests of a child, the court must consider the child's "temporal and mental and moral welfare." SDCL 25-4-45. "The trial court may, but is not required to, consider the following factors in determining the best interests and welfare of the child: parental fitness, stability, primary caretaker, child's preference, harmful parental misconduct, separating siblings, and substantial change of circumstances." Pietrzak v. Schroeder, 2009 SD 1, ¶ 41, 759 NW2d 734, 744.

[¶7.] The disputed provision of the noncustodial parenting time order in this case provides:

> A.      Week One- [Jeffrey] shall exercise visitation with the parties' minor child on alternating Fridays beginning at 5:00 p.m. overnight until Saturday at 5:00 p.m.;
>
> B.      Week Two- [Jeffrey] shall exercise visitation with the parties' minor child on alternating Fridays beginning at 5:00 p.m. until Sunday at 9:00 a.m.
>
> C.      During the week that [Jeffrey] exercises Friday through Saturday visitation (Week One), he shall be entitled one mid-week overnight visit on Tuesdays.
>
> D.      During the week that [Jeffrey] exercises Friday through Sunday visitation (Week Two) he shall be entitled to one mid-week visit beginning at 5:00 p.m. and ending at 8:00 p.m. on Tuesdays; it is hereby further

> ORDERED that when [Amanda] is no longer working on Saturdays or the weekends, she shall be entitled to every other weekend with the minor child and [Jeffrey] shall be entitled to visitation on alternating weekends as set forth in paragraphs A and D.

Therefore, when Amanda worked Saturdays or weekends Jeffrey received parenting time from Friday at 5:00 p.m. to Saturday at 5:00 p.m. and Tuesday overnight (Week One). The following week (Week Two) he received parenting time Fridays at 5:00 p.m. until Sunday at 9:00 a.m. and Tuesday evenings from 5 p.m. to 8 p.m. However, when Amanda no longer worked Saturdays or weekends Jeffrey received parenting time every other weekend; consisting of Friday at 5:00 p.m. to Saturday at 5:00 p.m. and then presumably Tuesday from 5 p.m. to 8 p.m. As previously mentioned, the Tuesday parenting time is contradictory because clause D. applies when Jeffrey exercises his time Friday through Sunday, which the court eliminated because Amanda did not work weekends.[3]

---

3. For a child this age the parenting guidelines provide:

> Alternate parenting plans: (1) The noncustodial parent has the child up to three times per week for a few hours on each visit, on a predictable schedule; or (2) Same as (1) but with one overnight per week; or (3) Child spends time in alternate homes, but with more time in one than the other with two or three overnights spaced regularly throughout the week. This arrangement requires an adaptable child and cooperative parents.

The circuit court's order without application of the weekend work clause allowed Jeffrey ample parenting time; certainly more than the minimum contemplated by the guidelines. The weekend work clause, based on no other factor than Amanda's weekend work schedule, reduced Jeffrey's parenting time to the lower range contemplated by the guidelines.

[¶8.]     Clearly, the weekend work clause contained in the noncustodial parenting time order effectuated a dramatic reduction in Jeffrey's time with his child (four overnights reduced to one overnight). However, the court's findings of fact and conclusions of law contradicted such a reduction in noncustodial parenting time. The court's findings indicated that Jeffrey was significantly involved in the care of his child, was fit as a parent, stable, and equally provided the child love and affection. Significantly, the court did not mention or explain the rationale of the weekend work clause in its written findings or conclusions.

[¶9.]     While clearly Amanda should have time on the weekend with the child, there are no findings of fact or evidence in the record that supported what is essentially a reduction to one night for Jeffrey based solely on Amanda's weekend work schedule. Likewise, the court's treatment of this issue in pronouncing its oral ruling was inconsistent with the weekend work provision in the order:

> It's probably not going to be the case that Amanda is working every Saturday forever. I mean, she already has a fairly responsible position and is making—you know—a salary that is commensurate with a responsible position. And –you know—at some point people are given the benefit of being able to have at least every other weekend free to themselves to attend to personal affairs and not have to work so much.
>
> * * *
>
> When her situation changes, I think it would be reasonable to change it so that he would—so that dad would go to—you know—just the usual alternating weekends, *Friday night until Sunday night.*

[¶10.]     Additionally, the elimination of the overnight during the weekdays was unsupported by the record. Certainly, Jeffrey's fitness and relationship with his child, as recognized under the court's original order, was not exclusively

determined by Amanda's weekend work schedule.  The corresponding reduction in Jeffrey's parenting time and how this impacted the best interests of the child was not considered anywhere in the record; this constitutes an abuse of discretion.  The error is only compounded by the internal inconsistencies that appear in the noncustodial parenting time order as demonstrated by the parties' confusion as to the effect of the weekend work clause.

[¶11.]     Therefore, we reverse and remand for the circuit court to reconsider noncustodial parenting time with due regard to the best interests of the child in light of the parties existing work schedules and to render appropriate supportive findings.

Appellate Attorney Fees

[¶12.]     Amanda's attorney has filed a request and submitted an itemization for appellate attorney fees in this matter.  *See* SDCL 15-26A-87.3.  Jeffrey has not filed a request for appellate attorney fees.  Because we reverse and remand, Amanda's request for attorney fees is denied.

[¶13.]     GILBERTSON, Chief Justice, KONENKAMP, ZINTER, MEIERHENRY, and SEVERSON, Justices, participating.