#25129-rev&rem-PER CURIAM
**2009 SD 90**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

WILLIAM R. WIEDENFELD,                    Plaintiff and Appellant,

    v.

SHERRI A. WIEDENFELD,                    Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
YANKTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE ARTHUR L. RUSCH

\* \* \* \*

JASON KOISTINEN
Thurman Law Office                    Attorneys for plaintiff
Yankton, South Dakota                 and appellant.

JASON R. RAVNSBORG
Harmelink, Fox & Ravnsborg            Attorneys for defendant
Yankton, South Dakota                 and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
AUGUST 24, 2009

OPINION FILED 9/30/09

#25129
PER CURIAM

[¶1.]     Following a visitation dispute, the circuit court terminated William and Sherri Wiedenfeld's joint legal custody of the parties' two minor children and entered a judgment and order awarding Sherri "sole legal and physical custody of the minor children."  Because the circuit court *sua sponte* changed legal custody without considering the best interests of the children, it abused its discretion.  We reverse and remand.

FACTS

[¶2.]     William and Sherri divorced on October 4, 2007.  As part of the divorce decree, the circuit court incorporated a stipulation of the parties that granted joint legal custody of the children to the parties and granted physical custody to Sherri. The decree also set a visitation schedule for William.

[¶3.]     On September 30, 2008, William filed a motion for an order to show cause why Sherri should not be held in contempt for failing to turn over items of personal property and denying visitation with the children. William also requested counseling for the children based on an allegation that the children may have been sexually abused by a cousin.  At the motion hearing the parties stipulated to the request for counseling, and the circuit court denied the motion for contempt. The circuit court further ordered that the parties mediate their visitation disputes. Near the end of the hearing, the court terminated the joint legal custody following this exchange:

> Counsel:     Just one issue, if I may address it, Your Honor,
> on behalf of [William].  Considering the
> visitation and the holiday-altering schedule has
> been switched around and flip-flopped from time

-1-

to time, to the point where he's unsure of what the current schedule is to be, and in view of that fact and of the fact that he has not had Christmas visitation with the children each of the last two Christmases, he would request that he be allowed Christmas visitation this year, and then, starting with that, they be on a set schedule for altering holidays.

The Court:    What does the court order say?

Counsel:    I believe the court order was pursuant to the visitation guidelines, which requires alternating holidays.

I am corrected, Your Honor. The court order just merely says reasonable visitation to [William], that both parties will share joint legal custody.

The Court:    You know, I simply can't address every minor issue between people that won't talk or can't talk. You know, it's clear that the parties in this case are unable to communicate, or you wouldn't be here. Given that situation, joint legal custody simply won't work. I'm going to terminate the joint legal custody, place the legal and physical custody [with Sherri], and require the parties to engage in mediation as far as that—what the reasonable visitation should be. If they can't engage in that—and that's—the legislature has said that issues of visitation are preferably resolved with mediation. But obviously the custody—joint custody isn't working and won't work.

I'm not in any way, by making that ruling, requiring that the – or allowing [Sherri] to shut [William] out of the children's life. You know, I'm still going to require that she make him aware of all medical and school activities involving children.

Neither party had requested a change in joint legal custody. The excerpt above is the extent of the discussion of the issue. The circuit court entered no findings of

fact or conclusions of law regarding legal custody. William appeals contending the circuit court abused its discretion by awarding Sherri sole legal custody.

## ISSUE

[¶4.] **Did the circuit court abuse its discretion by awarding Sherri sole legal custody of the parties' two children?**

[¶5.] This case is atypical from many custody disputes because this case involves a change of legal custody without any change in physical custody. Joint legal custody is governed by SDCL 25-5-7.1, which provides:

> In any custody dispute between parents, the court may order joint legal custody so that both parents retain full parental rights and responsibilities with respect to their child and so that both parents must confer on major decisions affecting the welfare of the child. In ordering joint legal custody, the court may consider the expressed desires of the parents and may grant to one party the ultimate responsibility over specific aspects of the child's welfare or may divide those aspects between the parties based on the best interest of the child. If it appears to the court to be in the best interest of the child, the court may order, or the parties may agree, how any such responsibility shall be divided. Such areas of responsibility may include primary physical residence, education, medical and dental care, and any other responsibilities which the court finds unique to a particular family or in the best interest of the child.

This Court has recognized that "[e]ssentially, joint legal custody is designed to ensure that major decisions affecting a child's welfare shall be considered jointly by the parents even after the break up of the family." Van Driel v. Van Driel, 525 NW2d 37, 40 (SD 1994).

[¶6.] This Court's standard of review of custody decisions is well settled:

> In deciding custody disputes between parents, "the court shall be guided by consideration of what appears to be for

> the best interests of the child in respect to the child's temporal and mental and moral welfare." On appeal, we review a trial judge's decision for error in incorrectly choosing, interpreting, or applying the law; for clear mistakes in fact findings; and for undue emphasis on matters not materially related to the child's welfare. We expect that any decision will be balanced and methodical. In considering the relevant evidence, courts should be cognizant of several "guiding principles." These include parental fitness, stability, primary caretaker, child's preference, harmful parental misconduct, and separation of siblings.
>
> Further, "[a] court is not bound to make a specific finding in each category; indeed, certain elements may have no application in some cases, and for other cases there may be additional relevant considerations. In the end, our brightest beacon remains the best interests of the child[ren]."

Heinen v. Heinen, 2008 SD 63, ¶10, 753 NW2d 891, 893-94. (citations omitted).

Because the initial custody order in this case was based on an agreement of the parties, custody may be modified in a subsequent custody proceeding without a showing of "substantial change of circumstances." *Van Driel*, 525 NW2d at 38-39. In reaching its decision, the circuit court has broad discretion and will only be reversed upon a clear showing of abuse of discretion. *Id.*

[¶7.]       A grant of legal custody deserves the same systematic, balanced, and methodical consideration of the traditional factors relevant to the best interests of the child. *See* West v. Rambo, 786 So2d 1138, 1142 (AlaCtApp 2000) (applying the "best-interests standard" to a father's request for joint legal custody). Therefore, "established principles governing child custody decisions cannot be disregarded," and circuit courts must address the relevant "traditional factors" bearing on the best interests of the child including the "willingness to maturely encourage and provide frequent and meaningful contact between the child and the other parent."

Fuerstenberg v. Fuerstenberg, 1999 SD 35, ¶ 23, ¶ 24, 591 NW2d 798, 807.

Moreover, the circuit court is required to enter findings in such cases. The failure

to do so constitutes an abuse of discretion and reversible error. *See* Baker v.

Holland, 2009 SD 72, 771 NW2d 639.

[¶8.]       Although the record reflects that the court was frustrated in dealing

with the visitation disputes between these parties, neither party requested

termination of joint legal custody. Additionally, the record does not reflect that the

court considered whether those parental disputes affected the best interests of their

children. The only source of such information in this record may have been

contained in William's offer of more than one hundred pages of notes from a

visitation center. The circuit court, however, stated it would not look at that

evidence because that was "an unreasonable expectation." Furthermore, there was

no testimony from the parents, or professionals relating to the best interests of the

children. Ultimately, the circuit court indicated that it did not believe the parties

are able to communicate, one factor that is relevant in joint custody determinations.

It did not enter written findings of fact analyzing the traditional factors bearing on

the best interests of the children in a custody dispute. In essence, there is no record

of a "balanced and methodical" assessment of the childrens' best interests.

*Fuerstenberg*, 1999 SD 35, ¶ 35, 591 NW2d 798, 810. We conclude that the circuit

court abused its discretion in *sua sponte* terminating joint legal custody and

awarding Sherri sole legal custody.

[¶9.]       Both parties have moved for an award of appellate attorney's fees. The

motions are accompanied by a "verified, itemized statement of legal services

rendered" as required by SDCL 15-26A-87.3. Attorney fees are allowable in

domestic relation cases, "consider[ing] the property owned by each party, the relative incomes, the liquidity of the assets and whether either party unreasonably increased the time spent on the case."  Barnes v. Matzner, 2003 SD 42, ¶24, 661 NW2d 372, 379 (additional citation omitted).  Because this appeal is largely the result of the circuit court's decision to terminate joint legal custody *sua sponte*, we deny each request for attorney's fees.

[¶10.]     We reverse and remand for the circuit court to reconsider the issue of joint legal custody and to enter findings regarding the best interests of the children.

[¶11.]     GILBERTSON, Chief Justice, KONENKAMP, ZINTER, MEIERHENRY and SEVERSON, Justices, participating.