#25792-a-SLZ

**2011 S.D. 56**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JEREMIAH S. SIMUNEK,                          Plaintiff and Appellee,

    v.

ASHLEY (SIMUNEK) AUWERTER,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE A. PETER FULLER
Judge

* * * *

TERRI L. WILLIAMS of
Gunderson, Palmer, Nelson &
 Ashmore LLP
Rapid City, South Dakota                      Attorneys for defendant
                                              and appellant.


DEBRA D. WATSON
Rapid City, South Dakota                      Attorneys for plaintiff
                                              and appellee.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 22, 2011

OPINION FILED **09/07/11**

#25792

ZINTER, Justice

[¶1.] Ashley Auwerter (Mother) and Jeremiah Simunek (Father) married, had C.S.S. (Child), and later divorced. Mother and Father agreed to share legal custody, with Mother having primary physical custody. Shortly before Child entered kindergarten, Father moved to obtain primary physical custody. The circuit court granted Father's motion and Mother appeals. We affirm because the court's findings and conclusions reflect a balanced and systematic application of the relevant factors governing child custody.

*Facts and Procedural History*

[¶2.] After two years of marriage, Mother and Father separated. Mother obtained primary physical custody of Child after the separation. Father subsequently filed for a divorce. Father proposed that Mother remain the primary physical custodian of Child and that he be allowed liberal parenting time. Mother and Father agreed to this parenting plan, which was incorporated in the divorce decree.

[¶3.] Shortly after the separation, Father began dating Britni Mendel (Stepmother). Child met Stepmother one month after Father and Mother separated and before the divorce. Father and Stepmother later married and had a son (Half-Brother). Father and Stepmother live on Father's family's ranch. Father works for his family's construction and hotel businesses. He has enrolled Child in activities in the Hot Springs area.

[¶4.] Mother owns a home in Rapid City and is employed by the City of Rapid City. She has an associate's degree in business as well as a bachelor's degree

in communication. Mother has enrolled Child in various activities in the Rapid City area.

[¶5.]    Before Child was to begin kindergarten, Father moved to change primary physical custody. The circuit court ordered a child custody evaluation. The evaluator recommended a shared parenting plan. Mother requested a second child custody evaluation. The second evaluator also recommended a shared parenting plan, but suggested that Father have primary physical custody of Child when Child began kindergarten. Based upon these evaluations, Mother and Father entered into a second shared parenting agreement. As a part of this plan, Mother and Father agreed that Father would obtain primary physical custody when Child started kindergarten. Child was subsequently enrolled in kindergarten in Hot Springs.

[¶6.]    When the time for kindergarten neared, Mother moved to modify the parenting plan and obtain another child custody evaluation. The court ordered another child custody evaluation. The evaluator noted that both parents had much to offer Child, but opined that it was in Child's best interests that Child be placed in Mother's primary physical custody.

[¶7.]    Trial was held in August of 2010. After entry of findings and conclusions regarding the factors guiding child custody determinations, the court awarded Father primary physical custody. Mother appeals claiming that the circuit court abused its discretion in awarding Father primary physical custody.

*Decision*

[¶8.]      We review child custody decisions under the abuse of discretion standard of review. *Fuerstenberg v. Fuerstenberg*, 1999 S.D. 35, ¶ 22, 591 N.W.2d 798, 807 (citations omitted). "An abuse of discretion occurs in a child custody proceeding when the trial court's review of the traditional factors bearing on the best interests of the child is scant or incomplete." *Kreps v. Kreps*, 2010 S.D. 12, ¶ 25, 778 N.W.2d 835, 843 (quoting *Pietrzak v. Schroeder*, 2009 S.D. 1, ¶ 37, 759 N.W.2d 734, 743). "[W]e . . . uphold the trial court's findings of fact unless they are clearly erroneous." *Kreps*, 2010 S.D. 12, ¶ 25, 778 N.W.2d at 843 (citations omitted). Findings of fact are clearly erroneous when our "review of the evidence leaves . . . a definite and firm conviction that a mistake has been made." *Id.* (citations omitted).

[¶9.]      The circuit court's review of a parent's request to change child custody is governed by the best interests of the child, considering the child's temporal, mental, and moral welfare. SDCL 25-4-45; *Fuerstenberg*, 1999 S.D. 35, ¶ 22, 591 N.W.2d at 806. "The trial court may, but is not required to, consider the following factors in determining the best interests and welfare of the child: parental fitness, stability, primary caretaker, child's preference, harmful parental misconduct, separating siblings, and substantial change of circumstances." *Kreps*, 2010 S.D. 12, ¶ 26, 778 N.W.2d at 843 (citing *Fuerstenberg*, 1999 S.D. 35, ¶¶ 24-34, 591 N.W.2d at 807-10). "We encourage trial courts to take a balanced and systematic approach" when applying the factors relevant to a child custody proceeding. *Fuerstenberg*, 1999 S.D. 35, ¶ 23, 591 N.W.2d at 807.

[¶10.] The circuit court applied the *Fuerstenberg* factors, observing that most of the factors favored neither parent. The court, however, noted that Father's physical custody would avoid separating siblings. Generally, siblings and half-siblings "should not be separated absent compelling circumstances." *Id.* ¶ 32, 591 N.W.2d at 809 (citing *Mayer v. Mayer*, 397 N.W.2d 638, 642 (S.D. 1986)). However, this is not an absolute rule, and "maintaining children in the same household should never override" what is in the best interests of a child. *Id.* (quoting *Crouse v. Crouse*, 1996 S.D. 95, ¶ 21, 552 N.W.2d 413, 419). Separating siblings is "one of several factors courts consider in determining the best interests of the children." *Hathaway v. Bergheim*, 2002 S.D. 78, ¶ 32, 648 N.W.2d 349, 354 (Gilbertson, C.J., dissenting).

[¶11.] Mother argues that the court did not consider the totality of the circumstances and instead considered the separation of siblings to be controlling as a matter of law. We disagree. Concededly, the court found that separating Child and Half-Brother favored Father and that the separation of siblings was one of the few factors that was not equal for Mother and Father. But the court did not indicate that this factor was controlling to the exclusion of all others. The court's review of the relevant factors spans several pages of trial transcript. The court did not disregard all other factors: it made findings on each relevant factor. The court took a balanced and systematic approach in applying the child custody factors.

[¶12.] Mother also challenges the court's finding that Father has the ability to provide Child with guidance and good modeling behavior. She specifically

contends that Father's history of alcohol use and Father's driving record make him an unfit parent.

[¶13.]    Father had been convicted of three reckless driving offenses, one careless driving offense, and nine speeding violations. Three of the convictions resulted from arrests for driving while under the influence of alcohol. Child was in Father's care during two of the three arrests. On one occasion, Child was in the car. One arrest occurred when Father was driving 104 miles per hour in a seventy-mile-per-hour zone.

[¶14.]    A mental health and chemical dependency counselor evaluated Father's history with alcohol. The counselor's diagnosis was "alcohol abuse." Nevertheless, the counselor opined that Father had changed his behavior and matured, noting that the prior incidents occurred when Father was in his early twenties.

[¶15.]    The court heard the evidence regarding Father's history of alcohol use and driving record, including live testimony from the alcohol counselor. The court specifically addressed both issues, finding that Father had changed his behavior and was a fit parent. Considering the court's first-hand opportunity to observe the counselor testify on these issues, we find no clear error in the court's related findings.*

---

\*    Mother argues that the alcohol counselor ignored an eight-month-old arrest when opining that Father's alcohol abuse was a problem that he had outgrown. However, the alcohol counselor testified live at trial and acknowledged the most-recent arrest.

[¶16.]    This case involved conflicting child custody evaluations.  One child custody evaluator recommended that Father have primary physical custody when Child started kindergarten.  Another child custody evaluator recommended that Mother have primary physical custody.  It is within the circuit court's discretion to choose between conflicting experts.  *See Wise v. Brooks Constr. Servs.,* 2006 S.D. 80, ¶ 33, 721 N.W.2d 461, 472-73 (quoting *Sander v. Minnehaha Cnty.*, 2002 S.D. 123, ¶ 31, 652 N.W.2d 778, 786) (explaining that a "trier of fact is free to accept all of, part of, or none of, an expert's opinion"); *see also In re J.A.H.*, 502 N.W.2d 120, 125 (S.D. 1993) (stating that it is within the trial court's discretion to determine the best interests of the child when the court is presented with conflicting testimony regarding the termination of parental rights).  The circuit court did not abuse its discretion in choosing one of the two conflicting child custody evaluator's opinions.

[¶17.]    In the final analysis, this is one of those difficult cases where the court was forced to choose between two satisfactory parents.  "Choosing between two satisfactory options [for child custody] falls within a judge's discretion."  *Arneson v. Arneson*, 2003 S.D. 125, ¶ 14, 670 N.W.2d 904, 910 (citations omitted).  Both Mother and Father made mistakes as parents.  Father introduced Child to Stepmother at an inappropriate time and he had prior problems with alcohol.  Mother made disparaging comments about Father in the presence of Child.  But the court found that Mother and Father recognized their faults and corrected their behavior.  Thus, the court was forced to choose between two fit parents who loved and supported Child.  Ultimately, Child was going to start school, the parents lived in different communities, and the equal shared parenting arrangement was no longer workable.

The court was forced to make a choice, and it did not abuse its discretion in choosing one of these two satisfactory options for primary physical custody.

[¶18.]     We deny both parties' requests for appellate attorney's fees.

[¶19.]     GILBERTSON, Chief Justice, and KONENKAMP and SEVERSON, Justices, concur.

[¶20.]     WILBUR, Justice, and MEIERHENRY, Retired Justice, did not participate.