#27353-a-DG

**2015 S.D. 101**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

The People of the State of South Dakota in the
interest of E.M.H., a minor child.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE VINCENT A. FOLEY
Judge

\* \* \* \*

CHERI SCHARFFENBERG of
Waltner, Kolbeck & Scharffenberg, LLP
Tea, South Dakota                          Attorneys for appellant L.B.


JOSEPH N. THRONSON
Special Assistant Attorney General
Department of Social Services
Pierre, South Dakota                       Attorneys for appellee State of
                                           South Dakota.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 31, 2015

OPINION FILED **12/30/15**

#27353

GILBERTSON, Chief Justice

[¶1.] The Department of Social Services (DSS) determined it was in the best interest of E.M.H. (Child) to be adopted by C.W. and A.W. (Foster Parents), the family that had temporary custody of Child. Child's maternal aunt, L.B. (Aunt), sought review of DSS's decision, and the circuit court concluded that DSS had not abused its discretion in consenting to the adoption by Foster Parents. Aunt asserts that because she is related to Child, she was entitled to placement preference over Foster Family. We affirm.

## Facts and Procedural History

[¶2.] DSS removed Child from the custody of her biological mother two days after Child's birth. Child was placed in the temporary custody of Foster Parents, who had previously adopted Child's older half-sister (Sister). Child's maternal grandmother (Grandmother) contacted DSS and expressed her desire for temporary custody of Child. DSS advised Grandmother she would need to successfully complete a home study in order to be considered for placement.[1] Although Grandmother eventually completed a home study, DSS determined it was in Child's best interest to remain in the temporary custody of Foster Parents. Grandmother later expressed her desire to adopt Child and initiated an adoption home study. Because of DSS's concerns over Grandmother's health, Aunt decided to obtain the

---

1. Grandmother previously attempted to obtain—and was denied—adoptive placement of Sister because Grandmother's husband at the time had a felony conviction. Grandmother's husband subsequently died in a car accident. DSS was unaware of Grandmother's husband's passing when Child first came into DSS's custody.

necessary licensing instead. Aunt successfully completed a home study, which was approved by DSS.

[¶3.]    After the parental rights of both biological parents were terminated, DSS consented to the adoption of Child by Foster Parents instead of Aunt. This decision was based primarily on a desire to keep Child with Sister and because Child had bonded with Foster Parents. Aunt requested a hearing to review DSS's decision, asserting that as a relative of Child she was entitled to adoption placement preference over Foster Parents. The circuit court concluded DSS's decision was not an abuse of discretion.

[¶4.]    Aunt appeals, raising the following issue:

> Whether Aunt was statutorily entitled to a preference over Foster Family in the adoptive placement of Child.

## Standard of Review

[¶5.]    "Statutory interpretation is a question of law reviewed de novo." *Wheeler v. Cinna Bakers LLC*, 2015 S.D. 25, ¶ 4, 864 N.W.2d 17, 19. A circuit court's determination of what constitutes a particular child's best interest is a finding of fact, which we review for clear error. *See People ex rel. P.K.*, 2006 S.D. 17, ¶ 17, 711 N.W.2d 248, 254.

## Analysis and Decision

[¶6.]    In 2005, the South Dakota Legislature enacted legislation "to provide for a preference for placement of abused and neglected children with relatives and to provide a hearing for review of adoptive placement decisions." 2005 S.D. Sess. Laws ch. 140. This legislation did three things: (1) it amended SDCL 26-7A-19 to

include a placement preference in favor of a child's relative or custodian,[2] (2) it

added SDCL 26-7A-19.1, which establishes a placement preference for a child's

---

2.      SDCL 26-7A-19 states:

> If the child is an apparent, alleged, or adjudicated abused or neglected child, after the temporary custody hearing the court may:
>
> > (1)  Order the release of the child from temporary custody, either with or without restriction or condition or upon written promise of the child's parents, guardian, or custodian regarding the care and protection of the child; or
> >
> > (2)  Continue the temporary custody of the child under the terms and conditions for duration and placement that the court requires, including placement of temporary custody of the child with the Department of Social Services, in foster care or shelter.  The court and the Department of Social Services shall give placement preference to a relative or custodian who is available and who has been determined by the department to be qualified, provided that placement with the relative or custodian is in the best interest of the child.  If temporary custody of the child is continued by the court, the court may provide for visitation of the child by the child's parents, guardian, custodian, or family members in keeping with the best interests of the child.  If the child is in temporary custody of the Department of Social Services and has not been adjudicated as an abused or neglected child, the court shall review the child's temporary custody placement at least once every sixty days.
>
> As used in this section, the term, relative, means an adult who is related to the child by blood, adoption, or marriage, and who is the child's grandparent, aunt, uncle, sibling, brother-in-law, sister-in-law, niece, nephew, great grandparent, great uncle, great aunt, first cousin, second cousin, stepparent, or stepsibling.
>
> As used in this section, the term, custodian, means an adult who is the biological parent, adoptive parent, or guardian of the child's sibling or half-sibling.

relative,[3] and (3) it added SDCL 26-8A-29.1, which grants a child's relative a right

of limited intervention when DSS selects a nonrelative to adopt the child.[4]  *Id.*

Aunt asserts that the result of this legislation is that while the relatives and

custodians of a child enjoy equal preference in temporary-placement decisions, a

child's relative must be given sole preference—even over a custodian—in adoptive-

placement decisions.  Aunt further asserts that DSS's "adoption placement decision

was the product of a fatally flawed procedure, and must be made anew."  In

response, DSS concluded that because Foster Parents had previously adopted

---

3.      SDCL 26-7A-19.1 states:

> Subsequent to a temporary custody hearing, if a placement is made of an apparent, alleged, or adjudicated abused or neglected child, placement preference shall be given to a relative entitled to placement under § 26-7A-19.

4.      SDCL 26-8A-29.1 states:

> Except under circumstances where placement was with another relative of the child, any relative who has been denied adoptive placement by the Department of Social Services may request a hearing to determine if the placement was an abuse of discretion.  The request shall be filed with the circuit court having jurisdiction pursuant to § 26-8A-29 and shall be filed within thirty days of written notification from the department by regular mail to the relative's last known address.  The hearing shall be held within thirty days of the filing of the request for hearing and may be continued for not more than thirty days upon good cause shown.  The relative shall be granted limited intervention only for the purpose of the placement review hearing.

> No intervention may be allowed in a proceeding involving an apparent, alleged, or adjudicated abused or neglected child, including an adoption or guardianship proceeding for a child placed in the custody of the Department of Social Services pursuant to § 26-8A-27, except as provided by this chapter and under the Indian Child Welfare Act, (25 U.S.C. §§ 1901 to 1963, inclusive), as amended to January 1, 2005.

Sister, Foster Parents were also considered relatives of Child under SDCL 26-7A-19.1. The circuit court held that DSS did not abuse its discretion because placement with Foster Parents and Sister was in Child's best interest. However, the court also upheld DSS's decision on the basis that Foster Parents qualified as Child's relatives under SDCL 26-7A-19.1. Although we agree with Aunt that Foster Parents are not considered "relatives" under SDCL 26-7A-19.1, we agree with the circuit court that whether a particular party is entitled to placement preference is a consideration subordinate to the paramount question of the child's best interest.

[¶7.] As an initial matter, we agree with Aunt that Foster Parents are not related to Child within the meaning of SDCL 26-7A-19.1. The terms *relative* and *custodian* are defined in SDCL 26-7A-19.[5] The term *relative* "means an adult who is related to the child by blood, adoption, or marriage, *and* who is the child's grandparent, aunt, uncle, sibling, brother-in-law, sister-in-law, niece, nephew, great grandparent, great uncle, great aunt, first cousin, second cousin, stepparent, or stepsibling." SDCL 26-7A-19 (emphasis added). This definition is clearly not applicable to Foster Parents. Even if we were to conclude—which we do not—that Foster Parents' adoption of Sister somehow meant Foster Parents were related to Child by adoption, Foster Parents' connection to Child cannot be described by any of

---

5. We recognize that the definitions of *relative* and *custodian* given in SDCL 26-7A-19 are both preceded by the phrase "as used in this section." As such, the word *relative* is not explicitly defined for SDCL 26-7A-19.1. However, the Legislature has declared that "[w]henever the meaning of a word or phrase is defined in any statute such definition is applicable to the same word or phrase wherever it occurs except where a contrary intention plainly appears." SDCL 2-14-4. No such contrary intention is apparent here. Therefore, SDCL 26-7A-19's definition of *relative* is applicable to SDCL 26-7A-19.1.

the relationships enumerated in SDCL 26-7A-19. In contrast, however, the term *custodian* "means an adult who is the biological parent, adoptive parent, or guardian of the child's sibling or half-sibling." SDCL 26-7A-19. Therefore, Foster Parents are properly considered custodians—not relatives—of Child.

[¶8.] Nevertheless, it is clear that SDCL 26-7A-19.1's placement preference for relatives is subordinate to the overall best interest of the child. SDCL 26-7A-19.1 states: "Subsequent to a temporary custody hearing, if a placement is made of an apparent, alleged, or adjudicated abused or neglected child, placement preference shall be given to a relative *entitled to placement under § 26-7A-19*." (Emphasis added.) Under SDCL 26-7A-19, "[t]he court and the Department of Social Services shall give placement preference to a relative or custodian who is available and who has been determined by the department to be qualified, *provided that placement with the relative or custodian is in the best interest of the child*." (Emphasis added.) Consequently, because a relative is not entitled to placement under SDCL 26-7A-19 unless such placement is in the best interest of the child, that relative is also not entitled to placement preference under SDCL 26-7A-19.1 unless such placement is in the best interest of the child. This conclusion is supported by a number of other statutes dealing with juvenile proceedings. *See, e.g.*, SDCL 25-6-2 ("In an adoption proceeding or in any proceeding that challenges an order of adoption or order terminating parental rights, the court shall give due consideration to the interests of the parties to the proceedings, but shall give paramount consideration to the best interests of the child."); SDCL 26-7A-5

("Proceedings under . . . chapters [SDCL 26-7A,] [SDCL] 26-8A, [SDCL] 26-8B, and [SDCL] 26-8C shall be in the best interests of the child.").

[¶9.]      Aunt argues that "the Department's view of a particular child's best interests does not excuse its utter failure to factor into its decision the legislative dictate that the preference for relatives be considered as well." According to Aunt, "It is left for later proceedings to determine the interplay between the 'best interests' and the placement preference for relatives. This appeal merely contends that the interplay must take place." We do not agree. As discussed in the previous paragraph, SDCL 26-7A-19.1's placement preference for relatives is conditioned on such placement being in the best interest of the child. Therefore, in order to claim that DSS abused its discretion by failing to consider her placement preference, a relative must first establish that such preference exists—i.e., the relative must establish that placing the child with the relative is in the child's best interest. In essence, the preference serves as a tiebreaker—if placement of the child with the relative serves the child's best interest to the same extent as placement with a nonrelative, DSS must place the child with the relative. However, if placement with the nonrelative better serves the child's best interest, then the relative is not entitled to placement preference.

[¶10.]      In light of the foregoing, Aunt's argument is incomplete. Aunt does not assert that placing Child with Aunt was in Child's best interest. Instead, Aunt argues that "[t]here is not one scintilla of evidence in this record that [Aunt] is unsuitable, or would provide an unsuitable home for this child." While we have no reason to disagree with this statement, the same also seems true of Foster Parents.

Regardless, the question of whether a candidate is suitable for placement is not synonymous with the question of whether such placement would be in the child's best interest—both are prerequisites for placement preference under SDCL 26-7A-19 and -19.1. Here, DSS and the circuit court both concluded that Child's interest was best served by remaining with Sister and Foster Parents, who have essentially been the only parents Child has known since birth. "Generally, siblings and half-siblings 'should not be separated absent compelling circumstances.'" *Simunek v. Auwerter*, 2011 S.D. 56, ¶ 10, 803 N.W.2d 835, 837 (quoting *Fuerstenberg v. Fuerstenberg*, 1999 S.D. 35, ¶ 32, 591 N.W.2d 798, 809).[6] Given these significant factors, we cannot conclude that the circuit court clearly erred in determining that adoptive placement of Child with Foster Parents was in Child's best interest. Because adoptive placement of Child with Aunt was not in Child's best interest, Aunt was not entitled to placement preference.

---

6. "[T]his is not an absolute rule, and 'maintaining children in the same household should never override' what is in the best interests of a child." *Simunek*, 2011 S.D. 56, ¶ 10, 803 N.W.2d at 837 (quoting *Fuerstenberg*, 1999 S.D. 35, ¶ 32, 591 N.W.2d at 809). "Separating siblings is 'one of several factors courts consider in determining the best interests of the children.'" *Id.* (quoting *Hathaway v. Bergheim*, 2002 S.D. 78, ¶ 32, 648 N.W.2d 349, 354 (Gilbertson, C.J., dissenting)). "In the end, our brightest beacon remains the best interests of the [child]." *Wiedenfeld v. Wiedenfeld*, 2009 S.D. 90, ¶ 6, 774 N.W.2d 288, 291 (quoting *Heinen v. Heinen*, 2008 S.D. 63, ¶ 10, 753 N.W.2d 891, 894). Some of our earlier cases applied the no-split-siblings rule with some rigidity. In the end, best interests is simply that—best interests. Our more recent cases still acknowledge the rule but in a more aspirational tone. Like the other factors, separation of siblings is an analytical tool to assist the circuit court in arriving at the ultimate goal—determining the best interests of the child.

**Conclusion**

[¶11.] "The best interest[] of the child is the guiding force behind our adoption and dependency and neglect statutes. Although the interests of adoptive parents should be considered, parental rights are secondary to the interests of the child." *People ex rel. S.A.H.*, 537 N.W.2d 1, 6 (S.D. 1995) (citation omitted), *superseded by statute on other grounds*, 1997 S.D. Sess. Laws ch. 153, § 1 (superseding *S.A.H.* "so far as the case gave circuit courts the option to order an open adoption or post-termination visitation"). We are not convinced that the Legislature's 2005 Act was meant to alter this priority, and we will not give broader effect than intended by the Legislature to an isolated statute in derogation of other long-established, statutory provisions. Even though Foster Parents are not related to Child under SDCL 26-7A-19 and -19.1, Aunt has failed to establish that the circuit court clearly erred in finding that adoptive placement of Child with Foster Parents better served Child's interest than adoptive placement with Aunt. Consequently, Aunt is unable to establish that she was entitled to placement preference. Therefore, we affirm.

[¶12.] SEVERSON, WILBUR, and KERN, Justices, concur.

[¶13.] ZINTER, Justice, deeming himself disqualified, did not participate.